Thank you. Our next case for this morning is Theodore Frank v. Target Corporation. Ms. Holyoak? Yes. May it please the Court, Melissa Holyoak from the Competitive Enterprise Institute's Center for Class Action Fairness on behalf of Objector Ted Frank. Your Honors, this case is about class action sellout, objector blackmail. This Court has called it extortion, bribery, and has called it sanctionable. Well, do we know that? I mean, it seems to me the only thing we know here is that there were these three new objectors, Buckley, Sweeney, and Nunez. They object, they file appeals, then as it happens, according to the data you're citing us, as it happens invariably, there's a 42B dismissal of the appeal. Now, maybe this was abusive, maybe it wasn't, but I thought the key issue that you're bringing is whether Rule 60B is an appropriate vehicle to say to the District Court, not so fast, you know, we need to look into this. Absolutely, Your Honor. We argued two grounds under 60B. 60B-1 for mistake, and 60B-6 for any other reason that justifies relief. We believe that this situation falls directly into 60B-6 because of Safeco, where this is the exact same situation because of what happened with these objectors. We filed our disgorgement complaint that alleged on information and belief, credible information obtained while litigating this case in the District Court, that these objectors were paid off. May I ask you what we should make of the fact that neither the class members nor the defendants are interested in this appeal? I think it speaks volumes that they're actually tacitly supporting this because they could have absolutely come in and said, no, we oppose. In fact, no one came in and ever said, no, this never happened. We never got paid off. Excuse me, but your idea seems to be that if there is this disgorgement, you can correct me if I'm wrong, but at least I understand your theory to be that if these objectors got money that was essentially on the table, that money should have gone into the fund available for distribution to the class. It didn't. Therefore, the kind of disgorgement that you're talking about flows over into the class's fund and then is subject to whatever distribution rules there are. Absolutely. It should be equitably distributed. The District Court can decide how that can happen. Don't we need to fix this dismissal with prejudice problem before any of that can happen? Absolutely. The 6db6, I'm talking about the objective blackmail because that was the reason why we sought 6db6 because it fits in the exact same circumstances as the Safeco case, Safeco Insurance Company. In that case, you had Liberty Mutual who appealed a class action settlement. They made several arguments, but they had some individual claims as well against AIG. And there, right after the panel heard oral argument, they voluntarily dismissed. Now, the panel was concerned this was a class action, so they called for additional briefing. And this was a split decision. The dissent said, oh, wait, we should require disclosure here. And the majority said, no, it's okay here because if these absent class members were injured, they would probably come forward. But it's also okay because we know they have another remedy if they go back to District Court. They can seek 6db6, and that would call for judicial resolution of this exact same scenario. Ms. Feldhaube, could I ask? I understood your argument to be that the origin, at least of your procedural problems here, is that our court was too quick to grant the Rule 42 motion to dismiss, that we should have asked those questions before granting the motion the next day. Is that right? I don't want to criticize anyone for efficiency. No, this is too efficient because of precisely this danger. Well, and I think as Safeco Court noted, the 2003 committee notes to the federal amendments, they state that you could have it either way. The appellate court can look into this and require disclosure, or it can go back to the District Court and it can require disclosure. Here, we asked the District Court. We got sent back to District Court for whatever reason, the timeline or whatnot, and we also thought it would be better in the District Court because there was factual discovery that we requested. And this District Court would be better equipped to handle that discovery. Can I also ask you, as I understand it, you don't have any actual evidence of side payments here, but you're arguing that you've got circumstantial evidence based on economically rational assumptions that other actors are behaving economically. Absolutely, and I think we based it on credible information, on credible information and belief. We argued our complaint in the District Court for disgorgement. That credible information was obtained by us in the District Court, but the circumstances also speak to this because there was no reason. They voluntarily dismissed their appeals with absolutely providing no reason to the appeals court. Well, they don't have to, though. Under 42B, we have a settlement office. People dismiss appeals for all kinds of reasons. Yes, that's correct, but then they also just walk. All of their appeals and complaints were about the fairness of the settlement and the fees. Nothing changed after they walked away. Ms. Holyoak, do we know from, I mean, if there were these payoffs, do we know where they came from? In other words, would the money have come from funds that would otherwise be available to class members in the class action settlement pot, or is it from a separate source? We don't know, and that is exactly why we sought discovery of that information with the District Court. So what I need you to do, I think, is spell out for me what should happen. If I understand you correctly, the first thing that happens is that you would like this court to send this matter back to the District Court, recognizing that, in a sense, the principles of Devlin v. Scarlanetti apply to your clients as well, so they're entitled to raise this Rule 60 motion, never mind if it's 60B1 or 60B6, and that somehow that requires, too, the District Court either to recognize that a dismissal with prejudice does not necessarily interfere with its ability to monitor injunctive relief, that it's part of a final judgment, or somehow modify the final judgment again to reinstate that continuing jurisdiction provision. I'm worried about what the full picture looks like because unless we get there, I don't even know what we're doing. Yes, Your Honor. This reversal of the 60B motion would set aside just the dismissal with prejudice. It would not affect the final order, and the final order has the releases of the parties. It also includes a retention of jurisdiction by the District Court. This is why the parties, even after the District Court dismissed our intervention as with no jurisdiction, the parties jointly requested a motion regarding the administration of the settlement because they thought the court still had jurisdiction because the final order specifically retained it over the injunction. But the whole idea that when a final judgment includes equitable relief, that's a final judgment with prejudice in the sense that you can't march down the street and file that same action again. It's been decided. It's claim precluded, et cetera, so it's with prejudice. But to equate a dismissal with prejudice with the inability to retain jurisdiction to enforce equitable relief seems to me quite questionable. Absolutely. Yes, Your Honor. That's why our request is simply for the final dismissal with prejudice order and not the final order. They're two separate orders. The dismissal with prejudice is different than the final approval order of the class action settlement, which would remain in effect, and the District Court would retain its jurisdiction to administer the settlement. No, I think I understand. That's what you're saying. I'm wondering why it isn't just a legal error to think that dismissal with prejudice means that the final order has been wiped out, which is what the District Judge seems to have thought. I think that's a very good question, particularly under the Supreme Court's decision of Kokkonen, where they recognize that if the District Court retains specific jurisdiction in its order, that it will be able to administer the settlement after that. And it's a final judgment. You can't bring the same litigation again, right? That's what with prejudice means. Yes. You're done. Yes, exactly. But you get the same effect if you say plaintiffs get the following relief. Yes. That also has the same preclusive effects. Could I ask you just one? I'm trying to think ahead. If we accept your arguments, Ms. Holyoake, I'm trying to think about the game theory response. The strategic response to this, which I guess seemed to me that we may see objectors then just threatening to appeal without ever with, in essence, a kind of settlement deadline before they have to file anything, so that it all happens kind of below the surface of the water, below the surface of the court docket. If that's true, they would still be subject to the federal district court rules, which would require disclosure and also requires court approval before any objection is withdrawn. But that was what happened with the amendments in 2003. They tried to address the objector blackmail by making those changes to the federal district court rules. But those rules don't apply in the appellate court, and so that's why they appeal, come up here, no one knows what's going on, they have their secret side agreement, and they can voluntarily dismiss and walk away with no one knowing about it. And do you agree we'd have the same problem if the dismissal is for some kind of procedural default, like blowing the briefing deadline or failing to file a jurisdictional statement on time, the mechanics of prosecuting an appeal, as opposed to a motion to dismiss voluntarily? I'm not sure I understand. Would we face the same issue, the need to dig below the surface of the objector's conduct, if the appeal disappears not on a voluntary motion to dismiss, but with a procedural default of some kind by the appellant that is failing to file a jurisdictional statement, failing to file a brief on time, et cetera? I think you have less of the circumstantial evidence of objector blackmail if that occurs. I don't know. It might be pretty similar. Possibly. I don't know. But I think in this case, we have a clear reversal of error because we have 6dB6. The district court didn't even consider those arguments at all, didn't consider Safeco. On the same day, made a one-paragraph opinion. That is clear error. The district court also clearly erred in its 6dB1 arguments. It applied old law that was no longer good, a Seventh Circuit approach pre-Pioneer, the Supreme Court case of Pioneer. And if it was correctly addressed, the equitable factors would definitely mean that they're in favor of reopening under the case of United In Re UAL. I want to make sure I give you this, 411 F3 818, which is in our briefing. All right. Thank you very much. Thank you, Your Honors. We appreciate your argument. We will take this case under advisement.